UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                    )
BODHISATTVA SKANDHA,                )
                                    )
      Plaintiff,                    )
                                    )
                                    )    Civil Action No.
      v.                            )    17-11533-FDS
                                    )
JAMES FERREIRA, STEPHANIE           )
COLLINS, SEAN MEDEIROS,             )
KYLE PAIVA, and THOMAS TURCO, III,  )
in their official and individual capacities, )
                                    )
      Defendants.                   )
_____)

## MEMORANDUM AND ORDER

SAYLOR, J.

### I.    Introduction

For the reasons set forth below, plaintiff's motion for leave to proceed *in forma pauperis* will be DENIED without prejudice, and he will be ORDERED, by October 20, 2017, to either (1) pay the $400 filing and administrative fees or (2) file a renewed motion for leave to proceed *in forma pauperis* (including a prisoner account statement) and show cause why *in forma pauperis* status is not barred pursuant to 28 U.S.C. § 1915(g).

### II.    Background

On August 14, 2017, Bodhisattva Skandha, who is incarcerated at MCI Norfolk, filed a self-prepared, verified complaint alleging that defendants failed to provide him car-only transportation, as opposed to van transportation, to court appointments. He alleges that historically he had, at some point, a prescription for car-only transportation, and that next month he has a parole hearing that will require transportation. He also alleges that he has future

unspecified court and medical appointments. Along with his complaint, Skandha filed a motion to proceed *in forma pauperis*.

## III. Discussion

Skandha's motion will be denied without prejudice. A party bringing a civil action must either (1) pay the $350 filing fee and the $50 administrative fee[1], *see* 28 U.S.C. § 1914(a), or (2) seek leave to proceed without prepayment of the filing fee, *see* 28 U.S.C. § 1915 (proceedings *in forma pauperis*). Where the plaintiff is a prisoner, a motion for waiver of prepayment of the filing fee must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).[2] Skandha recently filed a prison account statement, but only for the five-month period preceding the filing of the complaint. Therefore, the motion will be denied without prejudice.

In addition, a prisoner must be denied *in forma pauperis* status if he has had, on three or more prior occasions, an action or appeal dismissed on the ground that it was frivolous, malicious, or failed to state a claim upon which relief can be granted (the so-called "three strike" rule). 28 U.S.C. § 1915(g). If a prisoner has "three strikes," he may only proceed *in forma*

---

[1] The $50 administrative fee became effective May 1, 2013; it does not apply to persons proceeding *in forma pauperis*. *See* Judicial Conference Fee Schedule.

[2] Unlike other civil litigants, prisoner plaintiffs are not entitled to a complete waiver of the filing fee, notwithstanding the grant of *in forma pauperis* status. Based on the information contained in the prison account statement, the court may direct the appropriate prison official to withdraw an initial partial payment from the plaintiff's account, followed by payments on a monthly basis until the entire $350 filing fee is paid in full. *See* 28 U.S.C. § 1915(b)(1)-(2). Even if the action is dismissed upon a preliminary screening, *see* 28 U.S.C. §§ 1915(e)(2), 1915A, the plaintiff remains obligated to pay the filing fee, *see McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997) (§ 1915(b)(1) compels the payment of the fee at the moment the complaint is filed).

*pauperis* if he is "under imminent danger of serious physical injury." *Id.* Skandha is a "three-strikes" litigant.[3] He is therefore ineligible for *in forma pauperis* status unless, at the time of the filing of the complaint, he was "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Malik v. McGinnis*, 293 F.3d 559, 562–63 (2d Cir.2002) (holding that "imminent danger" exception only applies to danger existing at the time the complaint is filed").

Here, Skandha makes no attempt to address his "three strikes" status or whether, at the time of the filing of the complaint, he was in "*imminent danger* of *serious* physical injury" for purposes of 28 U.S.C. § 1915(g) (emphasis supplied). Skandha's verified complaint describes an apparently disputed "avoid van" prescription renewal that was denied over a year ago. He does not appear to allege that he has requested, nor has been denied a request, for a current accommodation for car transportation to his upcoming parole hearing or future unspecified court hearings and medical appointments. The fact that Skandha has been required to use the prison van apparently more than a year ago (although this is not entirely clear from the verified complaint), without more, is insufficient to describe imminent danger of serious physical harm to afford relief from the "three strikes" rule.

## IV. Conclusion

Accordingly, for the foregoing reasons,

1. Plaintiff's motion to proceed *in forma pauperis* is DENIED without prejudice.

2. Plaintiff shall, by October 20, 2017, either (1) pay the filing and administrative

---

[3] Skandha has filed numerous cases in this Court, some of which he brought under the name of Richard Seaver. *See Seaver v. Spencer*, C.A. No. 06-11150-RWZ (D. Mass.) (D. 13, filed 6/18/2010) (notice of name change). Three of these cases have been dismissed for failure to state a claim upon which relief can be granted. *See Seaver v. Manduco,* C.A. No. 00-10906-REK (D. Mass.) (D. 52, dated 1/4/2002), *aff'd*, App. No. 02-1149 (1st Cir.); *Dzugan v. Pomarole*, C.A. No. 01-11320-RCL (D. Mass.) (D. 10, dated 6/19/2002) (multi-plaintiff prisoner action); *Skandha v. Sumner*, C.A. No. 11-10679-JLT (D. Mass.) (D. 9, dated 10/5/2011), *aff'd*, App. No. 11-2285 (1st Cir.).

fee of $400 or (2) file a renewed motion to proceed *in forma pauperis,* along with his prison account statement. To the extent plaintiff files a renewed motion to proceed *in forma pauperis*, plaintiff shall show cause why such status is not barred by 28 U.S.C. § 1915(g), specifically addressing whether and how, at the time he filed his verified complaint, he was in imminent danger of serious physical injury.

3. For the convenience of litigants, this Court uses a form application to seek leave to proceed *in forma pauperis*. The clerk is directed to provide plaintiff with the form Application to Proceed in District Court Without Prepaying Fees or Costs.

4. The clerk shall also send a copy of this Procedural Order to the Treasurer's Office at the prison facility in which plaintiff is incarcerated, in order to facilitate any request by the plaintiff for his certified prison account statement. The Court requests that the Treasurer's Office include in any prison account statement the plaintiff's average monthly deposits for the six-month period preceding the date the complaint was filed, as well as the average monthly balance for that same period.

5. Failure to comply with this Order will likely result in dismissal of this action.

**So Ordered.**

Dated: September 29, 2017

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
United States District Judge